# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:21-CR-33-1 |
| ) | |
| CARLOS CORTEZ WHITE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 39.) The Government filed a response opposing Defendant's motion. (ECF No. 51). The Court, having considered the arguments of the parties as set forth below, finds Defendant has failed to show an extraordinary and compelling reason for a sentence reduction and that the factors under 18 U.S.C. § 3553(a) counsel against a reduction. Accordingly, Defendant's Motion for Compassionate Release (ECF No. 39) will be denied.

**I. BACKGROUND**

Defendant pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (ECF No. 30; ECF No. 37 at 1.) Defendant's sentencing guideline s range was 324 months to 405 months imprisonment. (ECF No. 34, ¶ 79.) However, in accordance with the statutory maximum of 10 years' imprisonment,

Defendant was sentenced to 120 months of imprisonment. (ECF No. 37 at 2.) Defendant is 36 years old and has served approximately 49 months' imprisonment. He has a projected release date of February 13, 2030.[1]

In making his motion for compassionate release Defendant utilized a form and indicates he should receive compassionate release because:

> I have a serious physical or medical condition; a serious functional or cognitive impairment; or deteriorating physical or mental health because of the aging process that substantially diminishes my ability to provide self-care within the environment of a correctional facility, and I am not expected to recover from this condition.

(ECF No. 39 at 4.) In the portion of the form asking him to explain the basis of the request, he notes he is attaching medical records but otherwise does not provide any explanation regarding his health or inability to provide self-care. He does state in that section that he received ineffective assistance of counsel because counsel failed "to object to the district court's application for my enhancement, but the possession of a firearm is 60 months." (*Id.* at 5.) He also makes a general reference to section 922(g) and "enhancements at sentencing." In a letter submitted as part of his motion, Defendant asks for compassionate release so he can help his mother who has suffers from a heart condition, and to be present for his children. (ECF No. 39 at 18.) In a supplement to the motion he reiterates his arguments, including that he is seeking compassionate release relying on his mother's illness and the need to be present as a father for his children. (ECF No. 43 at 1-2.)

The Government opposes Defendant's motion. The Government argues that Defendant is unable to establish an extraordinary and compelling reason for a reduction. (ECF

---

[1] Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited May 19, 2025) (enter "49212-509" in BOP Register Number field).

No. 51 at 3.) The Government argues Defendant fails to establish he is the only caregiver for his mother or children and fails to show his mother is incapacitated. (*Id.* at 7-8, 11.) The Government also contends the § 3553(a) factors weigh against compassionate release. (*Id.* at 13.) The Government argues that Defendant's offense conduct was serious, and he remains a danger to the public. (*Id.* at 13.)

## II. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provides a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) extraordinary and compelling reasons exist to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant filed a request for compassionate release with the warden of his facility in September of 2022, and the Government concedes he has exhausted his administrative remedies. (ECF No. 39 at 7; ECF No. 51 at 3.) The Court will therefore proceed to the merits of Defendant's motion. *See United States v. Muhammad*, 16 F.4th 126, 130-31 (4th Cir. 2021.)

## A. Extraordinary and Compelling Reasons

The Court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and a "reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A); *see also United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). While a court has broad discretion to consider what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A), a court is not wholly unrestricted. *See Davis*, 99 F.4th at 657. Section 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825 (2010).

### 1. Medical Circumstances

Defendant asserts he is entitled to a reduction in sentence because he has a health condition which limits his ability to provide self-care in the correctional environment. (ECF No. 39 at 4.) In accordance with the Sentencing Commission policy guidelines, medical circumstances may amount to an extraordinary and compelling reason if:

(B) The defendant is—

(i) suffering from a serious physical or medical condition,

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1) (B-C).[2]

In making his motion, Defendant does not explain what physical or mental condition he is relying upon and does not indicate how his ability to provide self-care is limited. Nor does Defendant assert he suffers from a condition which requires specialized care that is not being provided in BOP custody. The medical records indicate Defendant has a history of mental health issues, specifically "unspecified depressive disorder and unspecified anxiety disorder." (ECF No. 40 at 3.) However, the records also indicate Defendant receives routine care and has been prescribed daily medications to address these conditions. (*Id.* at 3, 5, 15, 23.) The medical records do not otherwise indicate any ongoing medical issues, physical or mental. Consequently, Defendant has failed to establish an extraordinary and compelling reason for a reduction based on medical circumstances.

2. Family Circumstances

The Court next considers Defendant's argument that his family circumstances are an extraordinary and compelling reason for a reduction in sentence. With respect to family circumstances, the guidelines recognize an extraordinary and compelling circumstance may exist from the incapacitation of a parent "when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). With respect to a defendant's child, a defendant needs to show "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care." U.S.S.G. § 1B1.13(b)(3)(A).

---

[2] The policy guidelines also provide an extraordinary and compelling reason for relief may exist in the case of a terminal illness. *See* U.S.S.G. § 1B1.13(b)(1)(A). However, Defendant does not allege any such illness and this section is not applicable to Defendant's motion.

5

In making this claim Defendant indicates his mother is suffering from heart failure and asks the Court to release him "so I can be her help." (ECF No. 39 at 19.) Defendant also indicates he has numerous children, and he wants to be present for them and be "the best father to my kids." (*Id.*) In his supplement Defendant reiterates that he wants to be out "for my kids' and family sake." (ECF No. 43 at 1.) Defendant has attached letters from family members and friends attesting to his character and helpful nature. The letters indicate his mother has heart disease and is in failing health. (*Id.* at 8, 9.) His mother writes she recently lost her fiancé and "[i]t would be great help if [Defendant] was here to help me out." (*Id.* at 8.) Defendant's sister indicates she has health issues of her own and they could use Defendant's help. (*Id.* at 9.)

Defendant has failed to show family circumstances rising to the level of an extraordinary and compelling circumstances. Although it seems Defendant's mother has serious heart issues, there is no evidence that she is incapacitated. The record reflects she would find it helpful to have Defendant's assistance, but a desire to assist an aging parent, without more, does not amount to an extraordinary and compelling circumstance. *See, e.g., United States v. Henriquez*, No. 1:15CR225-1, 2021 WL 5771543, at *3-4 (M.D.N.C. Dec. 6, 2021). Moreover, Defendant fails to show that there are no other available caregivers to help her. The presentence report indicates Defendant has four maternal half siblings and there is no information as to why they are unable to provide any assistance she needs. (ECF No. 34, ¶ 57.) With respect to his children, Defendant does not allege that the mothers of his children or people who have been providing care to date have had a change in circumstances and are no longer available to serve as caregivers. While it is commendable that he desires to be

6

Case 1:21-cr-00033-LCB   Document 774   Filed 08/28/25   Page 6 of 11

present and a good father, that is insufficient to establish an extraordinary and compelling reason for a reduction.

### 3. Enhancements and 922(g)

In making his motion, Defendant generally refers to "enhancements" in sentencing, § 922(g), and changes in the law. (ECF No. 39 at 5; ECF No. 43 at 1.) The Sentencing Commission policy guidelines specify that a change in the law may be an extraordinary and compelling reason to modify a sentence when:

> (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least 10 years; and (c) an intervening change in law has produced a gross disparity between the sentence imposed and the sentence likely to be imposed under the change in the law.

U.S.S.G. § 1B1.13(b)(6).

Defendant was convicted and sentenced to a single count of 18 U.S.C. §§ 922(g) and 924(a)(2). He was sentenced far below his sentencing guideline range for his offense and criminal history level and within the statutory range for the offense. He has served less than 5 years in prison and does not provide any explanation as to why he believes his enhancements constitute an extraordinary and compelling reason for a reduction. Further, insofar as he may be challenging the legality of his sentence, the issue is not properly before the Court in a motion for compassionate release.[3] *See United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022). Consequently, Defendant has failed to show an extraordinary and compelling reason on this basis.

---

[3] Defendant filed a motion pursuant to 28 U.S.C. § 2255 in which he argued that his conviction under § 922(g) was unconstitutional. (ECF No. 41.) In ruling on the motion, the Court determined Petitioner's claim was both time-barred and meritless. (ECF No. 63 at 8.)

7

### 4. Ineffective Assistance of Counsel

Lastly, Defendant asserts a claim of ineffective assistance of counsel. Defendant states that his attorney was "ineffective for failing to object to the district court's application for my enhancement" and asserts that the sentence for possession of a firearm is 60 months. (ECF No. 39 at 5.) Along with these arguments Defendant states "[f]or the foregoing reasons, [Defendant] prays this court will vacate his sentence and resentence him to 60 months (5 years) for possession." (*Id.*) This argument, which attacks the legality of his sentence and moves the Court to vacate it, is not properly before the Court on a motion for relief under 18 § 3582. *See Ferguson*, 55 F.4th at 270.

**B. 18 U.S.C. § 3553(a) Factors**

Defendant has failed to show an extraordinary and compelling reason warranting a sentence reduction, and therefore the Court is not required to further consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction. However, the Court finds that even if an extraordinary and compelling reason existed, an analysis of the § 3553(a) factors would not support granting relief. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). The Court weighs a number of factors to include: the nature of the offense; the defendant's personal history; the sentence relative to the nature and seriousness of his offense; the need for a sentence imposed to demonstrate just punishment for the crime; the need to protect the public and deter crime; the need to provide a defendant with effective rehabilitative circumstances; and the need to avoid sentencing disparity. *See id.* A court may consider post-

8

sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d).

The Court recognizes Defendant, who is working to obtain his GED, has taken some steps towards rehabilitation. (ECF No. 43 at 1.) The Court also acknowledges that his desire to assist his mother and to be present for his children are commendable objectives. However, a consideration of the § 3553(a) factors overall weighs against a reduction in sentence.

The circumstances of the crime were serious and weigh against release. After Defendant was stopped by the police, he drove away to create an opportunity to discard the contraband later found in the vehicle.[4] The police followed and when Defendant stopped, they attempted to take him into custody. He initially refused to exit the vehicle, and when he did leave the car, he resisted arrest, physically fighting the officers. He escaped and fled on foot. He attempted to hide, but was located and again resisted arrest, struggling and striking one of the officers in the head before he was placed in custody. (ECF No. 34, ¶ 4.) Both officers sustained minor injuries during the encounter. (*Id.*) A search of the car produced a loaded handgun with an extended magazine between the driver's seat and center console, as well as .26 grams of heroin and .67 grams of marijuana (*Id.*) Defendant was searched at the police department and 2.53 grams of cocaine were found in his pocket. (*Id.*, ¶ 6.) During his booking, Defendant made threatening statements to the officers. (*Id.* at 3.)

Defendant's criminal history also weighs against release. Defendant's criminal conduct began at the age of 16 and includes over 13 convictions as well as numerous other arrests.

---

[4] When he was eventually arrested and placed in the police car, he made statements captured on camera indicating he knew the gun was in the vehicle and could result in a federal charge and had run hoping his girlfriend would remove it from the car. (ECF No. 29 at 2-3.)

(*Id.*, ¶¶ 31-43.) His periods of incarceration seems to have done little to deter his criminal behavior. Defendant committed the instant offense while still under sentence from convictions for felony voluntary manslaughter and felony assault with a deadly weapon. (*Id.*, ¶ 45.) He had been released less than eight months from a sentence of 84 to 110 months' imprisonment when he committed the instant offense. Moreover, Defendant has already received a sentence years lower than the recommended sentencing guideline range. The Court concludes that to reduce his sentence would not serve the goals of sentencing.

Accordingly, the Court determines the § 3553(a) factors, particularly Defendant's personal history, the need to protect the public, and the need to deter crime, weigh against granting a reduction in sentence. The Court finds that Defendant's current sentence is "sufficient, but not greater than necessary" and a reduced sentence would not promote respect for the law, afford adequate deterrence, or protect the public. *See* 18 U.S.C. § 3553(a)(2).

### C. Appointment of Counsel

Within his motion, Defendant requests the appointment of counsel. (ECF No. 45 at He does not provide any explanation but simply states he has filed a motion and would like to get an attorney. (*Id.*) The right to counsel does not extend beyond the first appeal of right. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). A motion under § 3582(c)(1)(A) is not an opportunity to relitigate sentencing issues and does not require appointment of counsel or a hearing on the claims. *Id.* Defendant has shown he is capable of presenting the reasons he believes relief is warranted, however, as discussed, his reasons do not persuade this Court that he is entitled to reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Accordingly,

Defendant has failed to show a particular need that supports appointing counsel in this matter and his request for counsel is denied.

For the reasons stated above, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), (ECF No. 39), is **DENIED**.

This, the 28th day of August 2025.

/s/ Loretta C. Biggs
Senior United States District Judge